# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLDAS ASKAN,**

        **Plaintiff,**

v.                                                       **Case No: 6:21-cv-1366-PGB-DCI**

**FARO TECHNOLOGIES INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Renewed Motion to Quantify Attorneys' Fees (Doc. 206)** |
| **FILED:** | **September 25, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background

Earlier in this case, the Court issued an order awarding Defendant its attorney fees incurred in making Defendant's Motion to Compel Responses to Request for Production (Doc. 129; the Motion to Compel). Doc. 154 at 5. The Court issued a second order finding that Defendant is entitled to expenses incurred in making Defendant's Motion to Dismiss Complaint with Prejudice (Doc. 167; the Motion to Dismiss). Doc. 173 at 15-16. Defendant then filed two separate motions to quantify its fees. *See* Doc. 176 at 3-6; Doc. 177 at 2-6. Pending resolution of Plaintiff's appeal to the Federal Circuit, the Court denied both motions without prejudice as premature. Doc. 188. The Federal Circuit issued its ruling affirming this Court's decisions on September 5, 2023. *Askan*

*v. FARO Techs., Inc.*, No. 22-2217 (Fed. Cir. Sep. 5, 2023). Thereafter, Defendant filed this motion to quantify attorney fees. Doc. 206 (the Motion). Plaintiff filed a response in which he asserted his opposition to the Motion, stating in full:

> Plaintiff Yoldas Askan opposes defendant motion at D.E. 206 without entering text in objections to Judge Byron's flouting the rules 28 U.S.C. § 144, continuing the case with known conflict of interest and unfair judicial bullying of Plaintiff Askan.

Doc. 210. Plaintiff did not challenge the reasonableness of the requested rate, the reasonableness of the hours billed, or the total requested award. Upon consideration, the undersigned recommends that the Motion be granted.

## II.     Legal Standard

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300; *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

---

[1] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at

### III.   Discussion

Defendant seeks $4,890.90 in attorney fees for the Motion to Compel and $4,890.90 in attorney fees for the Motion to Dismiss—a total of $9,780.00.  Doc. 206 at 2.  Defendant states that researching, preparing, and revising the motions resulted in a higher amount of attorney fees, but Defendant voluntarily requests an amount less than what would result from an application of the lodestar method.  Defendant explains that it requests $4,890.90 for each motion now because the Court already found that amount reasonable as a Rule 37 sanction against Plaintiff in a prior case between the parties.  Doc. 206 at 3 (citing *Askan v. FARO Techs., Inc.*, 6:18-cv-1122-Orl-40DCI, 2019 WL 11664155, *3-4 (M.D. Fla. May 21, 2019)).

In that prior case, the Court found the hourly rates requested by Defendant reasonable—Defendant proposes the same hourly rates here.  *See* Doc. 206 at 5.  In his response, Plaintiff does not dispute that these hourly rates are reasonable.  *See* Doc. 210.  Accordingly, considering the *Johnson* factors, relying on the undersigned's knowledge and experience, and noting the lack of a substantive objection to the hourly rates, the undersigned recommends the proposed hourly rates be found reasonable.  *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (citation omitted).

---

717-19.  The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

Defendant claims 14.6 hours of attorney time spent on the preparation of the Motion to Compel. *See* Doc. 206 at 6. The 20-page motion included a detailed discussion of facts and law. Notably, in Plaintiff's response, he fails to object to the amount of time spent preparing the motion. *See* Doc. 210. Based upon the undersigned's knowledge and experience—and in light of Plaintiff's failure to object to the time spent on preparation of the Motion to Compel—the undersigned recommends that the hours billed for preparation of the Motion to Compel be found reasonable.

Defendant claims 41.2 hours of attorney time spent on the preparation of the Motion to Dismiss. *See* Doc. 206 at 7-8. The 20-page Motion to Dismiss included a detailed discussion of facts and law. Again, Plaintiff fails to object to the amount of time spent preparing the motion. *See* Doc. 210. Based upon the undersigned's knowledge and experience—and considering Plaintiff's failure to object to the time spent on preparation of the Motion to Dismiss—the undersigned recommends that the hours billed for preparation of the Motion to Dismiss be found reasonable.

Defendant states that the actual amount of attorney fees incurred in researching, preparing, and revising the Motion to Compel and the Motion to Dismiss is greater than the amount sought in this Motion. *See* Doc. 206 at 6-8. Upon consideration of the parties' memorandums—and because Defendant has already taken the liberty of requesting an attorney fee amount less than the lodestar method would allow[2]—the undersigned recommends that the $9,780.00 in attorney fees requested for the preparation of the Motion to Compel and the Motion to Dismiss be found reasonable.

---

[2] An application of the lodestar method using the reasonable rates and reasonable hours would result in a total award of $25,628.50. *See* Doc. 206 at 6-8.

### IV.    Conclusion

Accordingly, it is **RECOMMENDED** that Defendant's Motion (Doc. 206) be **GRANTED** and Plaintiff be compelled to pay Defendant $9,780.00 in attorney fees.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 20, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy