UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YOLDAS ASKAN,

        **Plaintiff,**

v.                                         Case No: 6:21-cv-1366-PGB-DCI

FARO TECHNOLOGIES INC.,

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **FARO's Renewed Motion for Martin-Trigona Injunction (Doc. 207)** |
| **FILED:** | **September 25, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

The litigation between these parties has been long and, well, litigious. The Court will not attempt to summarize it all now, but a few events are relevant to this Order.

### *The Three Cases*

In 2018, Plaintiff brought an action against Defendant in this Court. *Askan v. FARO Techs., Inc.*, 6:18-cv-1122-PGB-DCI (*Askan I*). The Court dismissed *Askan I* with prejudice as a sanction due to Plaintiff's conduct in that litigation. *See Askan I* at Doc. 103. The Federal Circuit affirmed that dismissal. *Askan v. FARO Techs., Inc.*, 809 F. App'x 880 (Fed. Cir. 2020).

In 2021, Plaintiff brought an action in the United States Court for the Eastern District of Pennsylvania, and that court transferred that action to this Court. *Askan v. FARO Techs., Inc.*, 6:21-cv-1366-PGB-DCI (*Askan II*). In *Askan II*, the Court dismissed Plaintiff's claims both as a sanction due to Plaintiff's conduct in that litigation and based on preclusion pursuant to the *Kessler* doctrine. *See Askan II*, Doc. 173. The Federal Circuit affirmed that dismissal. *Askan v. FARO Techs., Inc.*, No. 22-2217 (Fed. Cir. Sep. 5, 2023).

In 2023, Plaintiff brought an action against Defendant in this Court. *Askan v. FARO Techs., Inc.*, 6:23-cv-920-PGB-DCI (*Askan III*). *Askan III* remains pending.

***Specific Events Relevant to the Instant Motion for an Anti-Filing Injunction***

In 2019, in *Askan I*, the Court issued monetary sanctions against Plaintiff on two occasions—once in the amount of $10,975.00 and once in the amount of $4,890.00. *Askan I* at Docs. 111; 122. It appears that Plaintiff never paid Defendant as ordered.

On July 13, 2023, in *Askan III*, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Askan III* at 47.

On September 5, 2023, in *Askan II*, the Federal Circuit issued its mandate affirming the dismissal of *Askan II*. *Askan II* at Doc. 205.

On September 25, 2023, in *Askan II*, Defendant requested quantification of two fee awards that the Court had made prior to appeal but had not yet quantified. *Askan II* at Doc. 206; *see also* Doc. 188.

On September 25, 2023, in *Askan II*, Defendant also filed a Renewed Motion for *Martin-Trigona* Injunction. *Askan II* at Doc. 207 (the Motion). In the Motion, Defendant:

> requests that the Court enter an order enjoining Askan from filing or prosecuting any lawsuit against FARO or any third party, in any federal court, asserting any claim that was or could have been asserted in any of the Askan I, Askan II, or Askan III suits or that otherwise asserts that any FARO product infringes or incorporates

> technology encompassed by the disclosure of any of Askan's U.S. Patent 8,705,110, U.S. Patent 9,300,841, and U.S. Patent 10,032,255, and any patent claiming common priority therewith, until such time as Askan fully pays to FARO the $10,975.00 and $4,890.00 attorney fee awards from connection with FARO's renewed Motion to Quantify filed concurrently herewith, subject to further modification upon motion and good cause shown. Askan I (D.E. 111 & D.E. 122) and any attorney fee award the Court grants in connection with FARO's renewed Motion to Quantify filed concurrently herewith, subject to further modification upon motion and good cause shown.

*Id*. at 23-24.  In effect, Defendant seeks a nationwide injunction against Plaintiff filing any case against any person in federal court that has anything to do with the infringement of Plaintiff's patents in these cases or any patents "claiming common priority" with the patents at issue in these cases—at least until Plaintiff pays the sanction orders in *Askan I* and *Askan III* (in a yet-to-be-determined amount).  *Id*.

On October 6, 2023, in *Askan III*, the undersigned entered a Report recommending in relevant part that Defendant's motion to dismiss be granted and the complaint in *Askan III* be dismissed without prejudice.  *Askan III* at Doc. 79.  That Report remains pending.

On November 20, 2023, in *Askan II*, the undersigned recommended that Plaintiff pay Defendant monetary sanctions in the total amount of $9,780.00—again, the Court had already made the award, the recent Report concerns quantification only.  *Askan II* at Doc. 214.

### *The Instant Motion for an Anti-Filing Injunction*

In the Motion, Defendant details the conduct of Plaintiff in these three related cases—the Court need not rehash that now.  Based on the totality of that conduct and—particularly—the unpaid sanctions awards, Defendant seeks the broad anti-filing injunction set forth above, describing it, as is commonly done, by reference to *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993).  While circumstances certainly do exist for the use of such an injunction, those circumstances are exceptional and, in the undersigned's estimation, the injunction must be tailored

as narrowly as possible given the conduct that gives rise to the injunction. Further, although parties often assert that they seek such injunctions for the purpose of judicial economy, parties rarely consider the practical effect of such an order. Some judicial officer must, in fact, screen the filing and decide whether it should be filed. That screening often requires an order and may require a report and recommendation if the screening is referred to a magistrate judge. So, the anti-filing injunction shifts the judicial workload, but it does not necessarily lessen it.

Further, anti-filing injunctions are necessarily related to the frivolity of a party's filings. The repeated filing of *frivolous* papers burdens the Court and impedes its Article III functions. *See, e.g.*, *Martin-Trigona*, 986 F.2d at 1386 ("Anthony Martin-Trigona has sued literally hundreds, if not thousands, of attorneys, judges, their spouses, court officials, and other human beings."). What is less certain, and what Defendant provides no binding authority for, is the proposition that the Court should enter an anti-filing injunction that requires the payment of thousands of dollars in sanctions prior to filling any new action against any person in any federal court—and all of that without a frivolity finding. *See, e.g.*, *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (en banc) (including a non-exhaustive list of possible injunction conditions, not including the payment of sanctions). While Plaintiff may certainly have acted vexatiously in these three cases, the anti-filing injunction is not directly tied to that—it is tied to his paying a sanction. And all the non-binding authority provided by Defendant for the proposition that the anti-filing injunction may be tethered to the payment of a sanction involved injunctions tied to frivolity findings. *See Weaver v. School Bd. of Leon Cnty*, No. 05-10828, 2006 WL 858510, at *2 (11th Cir. Apr. 4, 2006) (explaining that the injunction was entered due to the litigant's "history of frivolous filings and to protect the court from wasting more resources"); *Connelly v. Chadbourne & Parke*, Nos. 8:03-cv-72-T-23TGW, 8:06-mc-26-T-TGW, 2006 WL 2331072, at *2 (M.D. Fla. Aug. 10, 2006)

(explaining that the injunction was entered due to the litigant's "pattern of filing frivolous actions"); *In re Busby*, 231 B.R. 363, 364 (M.D. Fla. 1998) (noting that the litigant "has a history of bringing unsupported claims"). While Plaintiff has certainly made some repetitive, frivolous, and sanctionable filings in these three related cases, his actions cannot—on this record—be said to be frivolous, vexatious, or abusive to the extent that an anti-filing injunction is yet necessary to protect this Court's Article III functions.[1]

Regardless, the current procedural posture of *Askan III* makes Defendant's request—at best—premature. Currently, there is a pending Report recommending that Plaintiff's complaint in *Askan III* be dismissed without prejudice. *See Askan III* at Doc. 79. In other words, after Defendant filed the Motion seeking an anti-filing injunction, the undersigned recommended that Plaintiff be permitted to file an amended pleading before this Court. As such, it makes no sense to the undersigned to enter a nationwide anti-filing injunction against Plaintiff while simultaneously recommending Plaintiff be permitted to file an amended complaint in a pending case in this Court. And there stands some chance that *Askan III* may continue on its merits. Further, Defendant has taken no action to enforce the fee awards in *Askan I*, and the fee award in *Askan III* has not been quantified. And the undersigned finds that *Askan III* should proceed to some conclusion prior to considering the injunctive action Defendant requests, especially as none of the allegedly threatened nationwide suits by Plaintiff described in the Motion have materialized.

Finally, there exists the chance that Plaintiff will move past his negative experience with a single lawyer and hire counsel to prosecute his claims—he certainly should retain counsel, if for

---

[1] As the senior United States Magistrate Judge in the Orlando Division of this District, the undersigned regularly conducts court-ordered screening of filings by litigants subject to anti-filing injunctions.

no other reason than the objective results (the existing data, if you will) show that he has been unsuccessful thus far in prosecuting his own claims in court. It seems his distaste for this Court is hampering his ability to objectively litigate these cases.[2] This is not a suggestion unique to Plaintiff; courts invariably recommend that parties retain counsel to litigate on their behalf.

Accordingly, it is **ORDERED** that the Motion (Doc. 207) is **DENIED without prejudice**. **ORDERED** in Orlando, Florida on December 1, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] To this point, Plaintiff has recently filed several responses that simply call for Judge Byron's recusal, instead of actually responding to the motion to which they purportedly respond. This is tantamount to no opposition, and the undersigned found as much with relation to the motion to quantify in *Askan II*. *See Askan II* at Docs. 210 and 214. Plaintiff did the same thing in relation to the instant Motion, effectively leaving the Motion unopposed. *Askan II* at Doc. 211. Nevertheless, the undersigned has found that the anti-filing injunction Defendant requested in the Motion is not appropriate at this time.